IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAANIMO PAOPAO,<br><br>Defendant. | Case No. 16-cr-00744-DKW-3<br>Case No. 23-cv-00002-DKW-RT<br><br>**ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR AN ORDER FINDING LIMITED WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE** |

On January 3, 2023, Defendant Faanimo Paopao (Paopao) filed a motion to vacate, set aside or correct her sentence pursuant to Title 28, United States Code, Section 2255 (Section 2255 Motion).  Dkt. No. 1027.[1]  In the Section 2255 Motion, Paopao asserts claims of ineffective assistance of counsel against her "original" lawyer, who is identified as William or "Bill" Harrison (Harrison).  *Id*. at 4, 10.  Specifically, Paopao argues, among other things, that Harrison failed to advise Paopao "to plead guilty early on in the case" and failed to help Paopao "understand the legal proceedings so that I could have provided valuable cooperation to the government's case."  *Id*. at 4.

---

[1] The Court cites to the docket numbers in Case No. 16-cr-744-DKW-3.  In addition, in citing the Section 2255 Motion, the Court cites to the page numbers assigned by CM/ECF in the top right-hand corner of the document, *i.e.*, "Page 4 of 16."

After the setting of briefing on the Section 2255 Motion, on January 19, 2023, the government moved for an order finding a waiver of the attorney-client privilege related to communications between Paopao and Harrison on the specific issue of why Paopao did not plead guilty earlier (Government Motion). Dkt. No. 1030.

In *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003), *cert. denied*, 540 U.S. 1013 (2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer."

The Court finds that by filing the Section 2255 Motion, which contains communications which might otherwise be protected under the attorney-client privilege, Paopao has alleged ineffective assistance of counsel against attorney Harrison. Accordingly, Paopao has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the specific issue raised in the Government Motion, as well as to communications between Paopao and Harrison that are reasonably related to such issue. Therefore, the Government Motion, Dkt. No. 1030, is GRANTED.

Accordingly, in order to investigate the claims made by Paopao against Harrison in the Motion, and to reply to such claims, the United States is entitled to

inquire into certain communications between Paopao and Harrison which might otherwise be protected by the attorney-client privilege.  Attorney Harrison is authorized to provide information to the United States about such attorney-client communications between him and Paopao to the extent such communications involve, or are reasonably related to, the specific issue identified in the Government Motion.

  IT IS SO ORDERED.

  DATED: January 20, 2023 at Honolulu, Hawaii.



Derrick K. Watson
Chief United States District Judge

UNITED STATES v. FAANIMO PAOPAO
CR. NO. 16-00744-DKW-3
CV. NO. 23-00002-DKW-RT
"Order Granting the United States of America's Motion for an Order Finding Limited Waiver of the Attorney-Client Privilege."