UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| FAANIMO PAOPAO,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CR. NO. 16-00744-DKW-3<br>CV. NO. 23-00002-DKW-RT<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Faanimo Paopao moves pro se, pursuant to 28 U.S.C. Section 2255, to vacate her sentence of 180 months' imprisonment after pleading guilty to multiple drug offenses involving methamphetamine. Paopao principally argues that her attorney provided ineffective assistance at sentencing, though there is no evidence of it, nor is there any evidence of prejudice even if her attorney's representation was sub-standard. Therefore, as more fully discussed below, the motion to vacate, Dkt. No. 1027, is DENIED. In addition, because reasonable jurists would not debate the denial of the motion to vacate, a certificate of appealability is also DENIED.

## BACKGROUND

I. **Pre-Trial**

On November 30, 2016, a grand jury returned a 12-count indictment against 11 defendants, including Paopao. Dkt. No. 1. Paopao was charged with the following 4 counts: (1) conspiring to distribute and possessing with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1); (2) distributing and possessing with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 6); (3) possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 11); and (4) possessing a firearm in furtherance of a drug trafficking crime (Count 12).[1]

On January 4, 2017, Paopao was arraigned on the above-mentioned charges and pled not guilty. Dkt. No. 106. At the same time, Paopao was appointed counsel, Rebecca Lester, from the Criminal Justice Act (CJA) panel. Dkt. No. 108. On February 16, 2018, Lester's motion to withdraw was granted, resulting in the appointment of Neal Kugiya. Dkt. Nos. 336, 417. On August 6, 2018, Attorney

---

[1] On July 22, 2021, the Indictment was superseded solely with respect to Count 12. Dkt. No. 912. The Superseding Indictment, though, did not change the fact that Paopao remained charged with possessing a firearm in furtherance of a drug trafficking crime. *See id*.

William Harrison, Paopao's third attorney, was appointed after Kugiya was granted leave to withdraw. Dkt. Nos. 474, 476.

On February 25, 2021, Paopao pled guilty without a plea agreement to Counts 1, 6, and 11. Dkt. No. 838.[2]

## II. Sentencing

On November 4, 2021, the U.S. Probation Office filed a Presentence Investigation Report (PSR). Dkt. No. 953. Therein, Paopao was found responsible for the converted drug weight of approximately 31,299 grams of marijuana,[3] resulting in a base offense level of 36. *Id*. at ¶¶ 56-57. In addition, the PSR added two levels for possession of a dangerous weapon and two levels for Paopao's role in the offenses as an organizer, leader, manager, or supervisor. *Id*. at ¶¶ 58, 60. After a 2-level deduction for her acceptance of responsibility, Paopao's total offense level was 38. *Id*. at ¶¶ 64, 66. With a criminal history category of II, Paopao's guideline imprisonment range was 262-327 months imprisonment. *Id*. at ¶¶ 72, 93.

On November 24, 2021, Paopao filed a sentencing statement, addressing the PSR. Dkt. No. 958. Paopao argued that she should not be found responsible for

---

[2]At this time, Count 12 remained set for trial. Dkt. No. 838. However, on August 24, 2021, the government moved to dismiss Count 12 without prejudice, a motion that was subsequently granted. Dkt. Nos. 937, 940.
[3]Because Paopao's offenses involved different types of drugs–specifically, "ice" and generic methamphetamine–it was necessary, under the U.S. Sentencing Guidelines, to convert the different types of drugs into a marijuana drug weight equivalent. *See* Dkt. No. 953 at ¶ 56.

3

possessing a firearm because the weapon seized by law enforcement from her apartment was not hers. *Id*. at 2-4. Paopao also argued that she should not be considered an organizer or supervisor of criminal activity because her actions were controlled by her "abusive" partner, co-Defendant Jeremiah Ieremia. *Id*. at 4-5.

On December 14, 2021, Paopao filed a sentencing memorandum and motion for variance. Dkt. No. 962. Paopao argued that a sentence variance was warranted in light of the "physically, psychologically and emotionally abusive" relationship she had with Ieremia, which caused her to "follow every direction given her" by him. *Id*. at 4. Paopao further argued that lengthy incarceration would not be warranted because she is the mother of three young children and had never been incarcerated. *Id*. at 7. Paopao, therefore, requested the mandatory minimum sentence of ten years' imprisonment. *Id*. at 16.

On January 11, 2022, the Court held an evidentiary and sentencing hearing, Dkt. No. 973, at which the Court heard lengthy testimony on Paopao's objections. Following the receipt of testimony and oral argument, the Court *sustained* Paopao's objection to her alleged possession of a firearm. 1/11/22 Tr. of Evid. & Sent. Hrg. at 187:18-20, Dkt. No. 996. Specifically, the Court agreed that the government had not proven Paopao's possession by a preponderance. *Id*. at 187:21-192:11. The Court, however, *overruled* Paopao's objection to her role in the offenses. *Id*. at 197:20-25. Specifically, the Court found that Paopao was

"clearly" the local manager of the California-Hawai'i drug trafficking operation, as demonstrated by her acquisition of controlled substances, development of a product market, orchestrating product deliveries, and directing the conduct of others. *Id*. at 198:1-199:15. In light of these findings, Paopao's total offense level was 36, resulting in a guideline imprisonment range of 210-262 months' imprisonment, roughly five years below the range set forth in the PSR. *Id*. at 199:23-200:10.

The Court next heard sentencing recommendations from the parties, with the government recommending a sentence of 210 months' imprisonment in light of Paopao's "key" role in distributing methamphetamine, and her criminal conduct while on pretrial release. *Id*. at 201:13-203:19. Paopao, through counsel, meanwhile, again recommended a sentence of 120 months' imprisonment. *Id*. at 206:13-16. Specifically, counsel argued that Paopao got involved in the instant drug trafficking activities because of an "abusive" relationship with Ieremia, she maintained a good relationship with her family, and she was still young with much of her life ahead of her. *Id*. at 203:25-206:10.

In fashioning an appropriate sentence, the Court considered the 18 U.S.C. Section 3553(a) factors, and, after weighing both mitigating and aggravating circumstances, the Court sentenced Paopao to a term of 180 months' imprisonment for each count, with the terms to run concurrently. *Id*. at 210:4-12. In particular,

5

in weighing the need to avoid unwarranted sentencing disparities under the Section 3553(a) factors, the Court found it would not be just to sentence Paopao to the government's recommended sentence of 210 months' imprisonment in light of the 170-month sentences meted out to the "kingpin" co-defendants in this multi-defendant case. *Id*. at 210:24-211:19. Nonetheless, in light of Paopao's "less than stellar" conduct while on pretrial release, the Court found that a sentence of 180 months' imprisonment—a sentence still well-below the guideline imprisonment range—was appropriate. *Id*. at 211:20-212:5.

### III. Appeal

On January 24, 2022, Paopao appealed her sentence. Dkt. No. 981. On November 22, 2022, the Ninth Circuit Court of Appeals affirmed. Dkt. No. 1025. Specifically, the Ninth Circuit rejected Paopao's contention that the Court erred in imposing a two-level enhancement to her offense level for her leadership role. *Id*. at 2. The Ninth Circuit also rejected Paopao's argument that the Court did not adequately consider the need to avoid unwarranted sentencing disparities. *Id*.

### IV. This Section 2255 Proceeding

On January 3, 2023, Paopao, proceeding without counsel, filed the instant Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). Dkt. No. 1027. Paopao argues that she received ineffective assistance of counsel pursuant to *Strickland v. Washington,* 466 U.S.

6

668 (1984). Specifically, liberally construing Paopao's pro se petition, she appears to contend that counsel rendered ineffective assistance by: (1) failing to advise her to plead guilty early in her case, (2) "ineffectively" arguing that she was not a leader or manager of the charged offenses, and (3) failing to argue the need to avoid unwarranted sentencing disparities with her co-defendants.

On January 5, 2023, the government filed an opposition to the Section 2255 Motion. Dkt. No. 1032. Although the briefing schedule established by the Court allowed Paopao to file a reply by March 20, 2023, Dkt. No. 1029, no such reply has been received. Now a month beyond the reply deadline, the Court, therefore, considers briefing to be complete, with this Order now following.

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code (Section 2255), "[a] prisoner in custody under sentence of a court established by Act of Congress…may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id*.

## **DISCUSSION**

The Court addresses each of Paopao's claims of ineffective assistance of counsel in turn, beginning with a discussion of the legal framework for such claims.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two distinct elements. First, she must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. Second, she must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, a petitioner must show both that counsel's performance was deficient *and* that the deficiency was prejudicial. *Id*. at 692.

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. at 690-691.

Conclusory allegations of ineffective assistance of counsel made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

1. **"Early" Guilty Plea Advice**

Paopao argues that her counsel failed to advise her to plead guilty early in her case. Dkt. No. 1027 at 4, 15.[4] She contends that, if counsel had done so, she could have provided "valuable cooperation" to the government, which could have been "advantageous" to her. *Id*.

As an initial matter, it is not perfectly clear as to which one (or more) of Paopao's attorneys this argument is directed. At one point, she asserts that her "[o]riginal" lawyer[,]" which was Rebecca Lester, did not advise her to plead guilty early, *id*. at 4, but, later, suggests that the offending lawyer was the same as her counsel at sentencing, which was William Harrison, *see id*. at 14-15. In any event, the argument is meritless, regardless of at whom it is directed.

To the extent Paopao is referring to Harrison, he could not have advised her to plead guilty early in her case, given that he was Paopao's third attorney and

---

[4]In citing the Section 2255 Motion and the accompanying memorandum in support, the Court cites the page numbers assigned by CM/ECF in the top right corner of the documents, *i.e.*, "Page 4 of 16."

appointed after the vast majority of the other defendants in this case had either already pled guilty or were about to plead. To the extent the argument is directed at Lester, even if true, Paopao can show no prejudice. Notably, other than simply asserting that she could have provided "valuable" information to the government, Paopao identifies no specific information she could have provided that would have resulted in the government filing a cooperation motion. For similar reasons, Paopao also has not shown what information she might have provided that would have at least been "advantageous" to her, as she suggests. Moreover, any cooperation motion would have been at the government's discretion to file and, further, in the Court's discretion to grant. *See* U.S.S.G. § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."). All of this renders as simply speculation Paopao's prejudice-related contentions in the *Strickland* rubric.

The Court does not find that either Harrison or Lester provided ineffective assistance in the manner described by Paopao.

2.      **Leadership Role Enhancement**

Paopao argues that Harrison should have more "effectively" argued that she was not a leader or manager in relation to her drug offenses. Dkt. No. 1027 at 4. Paopao fails, however, to identify how Harrison could have more "effectively"

argued this issue. To be clear, Harrison, on multiple occasions, both verbally and in writing, argued that Paopao should not be considered a leader or manager. *See e.g.* Dkt. No. 958 at 4-5; Dkt. No. 996 at 192-193. Nevertheless, however "effective" Harrison's argument on this issue was or could have been, the evidence, which the Court heard extensively at sentencing, clearly reflected that Paopao did not play a "minor" role in the offense, as she suggests, but a substantial role, managing the drug trafficking activities of the conspiracy in Hawai'i.[5]

In this light, the Court does not find that Harrison provided ineffective assistance in this regard.

### 3. Unwarranted Sentencing Disparities

Paopao argues that Harrison failed to argue at sentencing that the Court needed to avoid unwarranted sentencing disparities with her co-defendants and the Court's findings on this issue did not "take accurate account of the record…." Dkt. No. 1027 at 14-15. While Paopao is correct that Harrison did not raise this specific issue at sentencing, there is no prejudice here because the Court did raise this issue and, contrary to Paopao's contention, the Court did not mischaracterize the record in reaching a sentence.

---

[5] Put simply, this argument is less one casting blame on Harrison, but more challenging the Court's underlying ruling on the enhancement. *See* Dkt. No. 1027 at 14 ("The record does not support the court's two-level leadership enhancement."). The record, however, supports the Court's ruling, which the Ninth Circuit has affirmed.

11

Specifically, the Court observed that the need to avoid unwarranted sentencing disparities was "really critical in some ways" in this case, primarily because two of Paopao's co-defendants, Ieremia and Jeremiah Matau, who the Court described as "kingpins", each received sentences of 170 months' imprisonment. 1/11/22 Evid. & Sent. Hrg. Tr. at 208:1, 211:16-19. The need to avoid unwarranted disparities is, in fact, why the Court opted to vary below the low-end sentencing guideline of 210 months' imprisonment as it relates to Paopao. *Id*. Paopao, moreover, ignores the fact that unwarranted sentencing disparities is just one of the Section 3553(a) factors. Another factor is the history and characteristics of the defendant. 18 U.S.C. 3553(a)(1). And, here, in that regard, Paopao, unlike Ieremia and Matau, was given an opportunity to show she had started to rehabilitate while on pretrial release. Paopao, however, did not take advantage of that opportunity. In fact, her performance while on pretrial release was "less than stellar"−a period that included theft, a street fight, and the failure to show up for substance abuse testing on several occasions. 1/11/22 Evid. & Sent. Hrg. Tr. at 211:20-212:3. That is why Paopao received a 180-month sentence−because of the *combination* of the Section 3553(a) factors.

Therefore, the Court does not find that Paopao received ineffective assistance of counsel in this regard.

4. **Evidentiary Hearing**

In the Section 2255 Motion, Paopao does not appear to request an evidentiary hearing. Nonetheless, pursuant to Section 2255(b), a court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…." 28 U.S.C. § 2255(b).

As the Court has detailed herein, the record conclusively shows that Paopao is not entitled to the relief she seeks in the Section 2255 Motion. The Court, thus, finds that an evidentiary hearing is not warranted.

5. **Certificate of Appealability**

In denying the Section 2255 Motion, the Court must also address whether Paopao is entitled to a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). In light of the findings herein, the Court

concludes that reasonable jurists would not debate the resolution of the Section 2255 Motion. Accordingly, the Court DENIES Paopao the issuance of a COA.[6]

## CONCLUSION

For the foregoing reasons, the Court DENIES the Section 2255 Motion, Dkt. No. 1027. In addition, the Court DENIES a COA.

The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 23-cv-2-DKW-RT.

IT IS SO ORDERED.

Dated: April 24, 2023 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

*Paopao v. United States*; CR. NO. 16-00744-DKW-3, CV. NO. 23-00002 DKW-RT; **ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

---

[6] In the Section 2255 Motion, without further explanation, Paopao requests the appointment of counsel. Dkt. No. 1027 at 13, 15. Given that Paopao provides no cause for granting this relief, and the Court does not discern any on this record, her request is denied.